UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RANDY D. PURIFOY,**
             Petitioner,

     v.                                                       Case No. 13-C-0563

**DEBORAH McCULLOUGH, Director,**
**Sand Ridge Secure Treatment Facility,**
            Respondent.

## DECISION AND ORDER

When he was fifteen, Randy Purifoy raped and killed a woman. He turned himself in and admitted to having committed other violent rapes. He pleaded guilty to one count of rape and one count of second-degree murder and was committed to the Department of Health and Social Services under Wisconsin's "Sex Crimes Law," Wis. Sat. ch. 975, which was a "sexual psychopath statute" in effect at the time, see Juliet M. Dupuy, The Evolution of Wisconsin's Sexual Predator Law, 79 Marquette L. Rev. 873, 873 & nn. 3–4 (1996). In addition to the commitment, Purifoy was sentenced to five to twenty-five years' imprisonment for the murder. The imprisonment was to commence once Purifoy was released from his sex-crimes commitment.

In July 1990, Purifoy was released from his sex-crimes commitment and transferred into the custody of the Department of Corrections to begin serving his murder sentence. In February 2002, Purifoy filed a habeas petition in state court in which he claimed that the Department of Corrections had miscalculated his mandatory-release date. The state court agreed with Purifoy, determining that his mandatory-release date was September 26, 2001. The court ordered the Department of Corrections to release Purifoy by May 22, 2002.

Before he was released from prison, however, the state filed a petition seeking to have him committed to the Department of Health and Family Services as a "sexually violent person" under Chapter 980 of the Wisconsin Statutes. The Milwaukee County Circuit Court granted this petition and, on April 28, 2004, entered a judgment committing Purifoy to institutional care in a secure mental-health facility "until such time as [he] is no longer a sexually violent person." ECF No. 9-1.

Purifoy appealed the Chapter 980 commitment to the Wisconsin Court of Appeals, which affirmed. Purifoy petitioned the Wisconsin Supreme Court for review, but the supreme court denied the petition. A short time later, in August 2008, Purifoy filed a petition for a writ of habeas corpus in this court under 28 U.S.C. § 2254 challenging his Chapter 980 commitment. See Purifoy v. Bartow, No 08-C-0722 (E.D. Wis.). In October 2010, a magistrate judge, presiding over the case by consent of the parties, denied the petition.

Meanwhile, in November 2008, Purifoy filed a petition seeking discharge from his Chapter 980 commitment on the ground that he was no longer sexually violent. See Wis. Stat. § 980.09. The trial court issued an order denying this petition on August 4, 2010. Purifoy appealed that order, and in March 2012 the Wisconsin Court of Appeals issued an opinion affirming the trial court's decision. Once again, Purifoy sought review in the Wisconsin Supreme Court, but again that court denied review.

In May of this year, Purifoy filed a second petition for a writ of habeas corpus in this court, thus commencing the present action. In this petition, Purifoy alleges that he is challenging the August 4, 2010 order of the trial court denying his petition for a discharge from custody under Chapter 980. See Petition § I.C. However, the respondent thinks that

2

Purifoy is again challenging the original commitment order issued on April 28, 2004, and for this reason she has moved to dismiss the petition on the ground that it is a second or successive petition that is barred by 28 U.S.C. § 2244(b).

If Purifoy were challenging the original commitment order, then the present petition would clearly be barred by § 2244(b). Purifoy filed a previous federal petition challenging that order, and that petition was adjudicated on the merits and dismissed with prejudice. Thus, Purifoy as already had his one "'full and fair opportunity to raise a [federal] collateral attack'" with respect to the April 28, 2004 order. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (quoting O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998), alteration in Altman). However, as already indicated, Purifoy is not challenging the original commitment order; he is challenging the order denying his petition for a discharge from Chapter 980 custody. The Seventh Circuit has held that an order continuing a Chapter 980 commitment or denying a challenge to such a commitment constitutes a "new judgment" for purposes of federal habeas review. Martin v. Bartow, 628 F.3d 871, 874 (7th Cir. 2010). Thus, Purifoy is entitled to bring a fresh petition challenging the order denying him a discharge. Moreover, because Purifoy has not previously filed a federal petition attacking the order denying him a discharge, the present petition is not second or successive. See Magwood v. Patterson, 561 U.S. 320, __, 130 S. Ct. 2788, 2792 (2010) (holding that habeas petition challenging new judgment for the first time is not second or successive, even if the petitioner had filed a previous federal petition challenging a different judgment). Accordingly, respondent's motion to dismiss the petition as second or successive will be denied.

3

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that respondent's motion to dismiss the petition as second or successive is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's "motion to stay respondent's motion to dismiss until respondent's failure to answer is corrected" is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FINALLY, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge