# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RANDY D. PURIFOY,**
        Petitioner,

v.                                                                             Case No. 13-C-0563

**DEBORAH McCULLOUGH, Director,**
**Sand Ridge Secure Treatment Facility,**
        Respondent.

---

## DECISION AND ORDER

In 1976, Randy Purifoy raped and killed a woman. He turned himself in and admitted to having committed other violent rapes. He pleaded guilty to one count of rape and one count of second-degree murder. Counts associated with the other crimes to which Purifoy had confessed were read in. On the rape count, Purifoy was committed to the Department of Health and Social Services under Wisconsin's "Sex Crimes Law," Wis. Sat. ch. 975, which was a "sexual psychopath statute" in effect at the time, see Juliet M. Dupuy, The Evolution of Wisconsin's Sexual Predator Law, 79 Marquette L. Rev. 873, 873 & nn. 3–4 (1996). In addition to the Chapter 975 commitment, Purifoy was sentenced to five to twenty-five years' imprisonment for the murder. The imprisonment was to commence once Purifoy was released from his Chapter 975 commitment.

In July 1990, Purifoy was released from his Chapter 975 commitment and transferred into the custody of the Department of Corrections to begin serving his murder sentence. Purifoy was scheduled to be released from his murder sentence on May 22, 2002. However, on May 1, 2002, the State filed a petition under Chapter 980 of the Wisconsin Statutes and alleged that Purifoy was a "sexually violent person." Chapter 980

allows for civil commitment of such a person and defines such a person as one who (a) has been convicted of a sexually violent offense, has been adjudicated delinquent of a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of mental disease or defect, (b) has a mental disorder, and © is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence. Wis. Stat. § 980.01(7); see also id. § 980.02(2). On April 28, 2004, a Wisconsin trial court found that Purifoy was a sexually violent person and committed him to the Department of Health and Family Services for control, care, and treatment until such time as he was no longer a sexually violent person. The court found that Purifoy's 1976 conviction of rape was the "sexually violent offense" that allowed the state to commit him under Chapter 980. See Answer Ex. 4 at 4 (noting that Purifoy's rape conviction constituted a conviction of a sexually violent offense).

On November 7, 2008, Purifoy filed a petition for discharge from his Chapter 980 commitment. See Wis. Stat. § 980.09. The trial court denied this petition on August 4, 2010. Purifoy appealed. One of the grounds that Purifoy raised on appeal was that his commitment under Chapter 980 violated double jeopardy because it constituted a "second civil prosecution for the same offense." Answer Ex. 1 at 17. Purifoy argued that because his rape conviction resulted in his commitment under Chapter 975, and that because he had been released from his commitment under Chapter 975, the double-jeopardy clauses of the federal and state constitutions prohibited the state from using the rape conviction as a basis for civilly committing him a second time. The Wisconsin Court of Appeals rejected this claim on the merits. Relying on precedent from the Wisconsin Supreme Court, which in turn relied on precedent from the Supreme Court of the United States, the court of

2

appeals held that a commitment under Chapter 980 is civil rather than criminal in nature and therefore cannot violate double jeopardy. Answer Ex. 4 at 9–10. Purifoy unsuccessfully sought review of this issue in the Wisconsin Supreme Court.

Following the conclusion of state-court proceedings, Purifoy commenced the present case under 28 U.S.C. § 2254. Although he asserts three grounds for habeas relief in his petition, all three grounds boil down to the same issue: whether his commitment under Chapter 980 violates double jeopardy because it is based on the same rape conviction as was his Chapter 975 commitment. The Wisconsin Court of Appeals adjudicated this claim on the merits, and therefore I may grant relief only if the court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d).

The court of appeals's decision was based on the Wisconsin Supreme Court's decision in State v. Rachel, 254 Wis. 2d 215 (2002). In Rachel, the court held that Chapter 980 is "not criminal or punitive in nature," and that therefore a commitment under Chapter 980 could not violate the double jeopardy clauses of the federal and state constitutions. Id. at 228. In reaching its holding, the court applied double-jeopardy precedents from the Supreme Court of the United States, id. at 228–46, including Kansas v. Hendricks, 521 U.S. 346 (1997), in which the Court held that Kansas's Sexually Violent Predator Act did not impose criminal punishment and therefore did not implicate the Double Jeopardy Clause.

In his briefs in this court, Purifoy has made no effort to show that the Wisconsin Supreme Court's determination in Rachel that Chapter 980 is not criminal or punitive in

3

nature is contrary to any precedent from the Supreme Court of the United States. Nor has he made any effort to show that the state court's reliance on Rachel in this case resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Indeed, Purifoy makes no argument whatsoever in support of the premise that Chapter 980 is criminal in nature rather than civil. Instead, he seems to think that even though Chapter 980 is a civil in nature, his commitment under that chapter violates double jeopardy because he has already been subjected to commitment under Chapter 975 in connection with his rape conviction. However, because Chapter 980 is civil in nature, the fact that Purifoy previously was subject to one type of commitment in connection with his rape conviction is irrelevant. Because Chapter 980 is civil in nature, "initiation of its commitment proceedings does not constitute a second prosecution [for the same offense]." Hendricks, 521 U.S. at 369. For the same reason, Purifoy's contention, see Opening Br. at 6, that his commitment under Chapter 980 violates Blockburger v. United States, 284 U.S. 299 (1932), as applied in Brown v. Ohio, 432 U.S. 161 (1977), fails. As the Supreme Court explained in Hendricks, "[t]he Blockburger test . . . simply does not apply outside of the successive prosecution context." Hendricks, 521 U.S. at 370. Here, a Chapter 980 proceeding is unquestionably not a criminal prosecution at all, and therefore Purifoy has not been subjected to double jeopardy. Accordingly, his petition for a writ of habeas corpus will be denied.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing

4

required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge